AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
District of Colorado

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*
VIN JTHFF2C2XB2517149
2011 LEXUS IS250C
NEW MEXICO LICENSE PLATE 188RFK
more fully described in Attachment A, attached hereto.

) ) ) ) ) ) )

Case No.   15-sw-05519-KMT

## APPLICATION FOR A SEARCH AND SEIZURE WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that there is now concealed on the following person or property located in the   State and   District of   Colorado   *(identify the person or describe property to be searched and give its location)*:

**SEE "ATTACHMENT A"**, which is attached to and incorporated in this Application and Affidavit

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:

**SEE "ATTACHMENT B"**, which is attached to and incorporated in this Application and Affidavit

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

 X  evidence of a crime;

 X  contraband, fruits of crime, or other items illegally possessed;

 X  property designed for use, intended for use, or used in committing a crime;

 ☐  a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of   18   U.S.C. §§ 1201(a)(1) , and the application is based on these facts:

 X  Continued on the attached affidavit, which is incorporated by reference.

 ☐  Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*s/Jennifer A. Jostes*
*Applicant's signature*

Jennifer A. Jostes, Special Agent
*Printed name and title*

Sworn to before me and:   ☐ signed in my presence.
   ☒ submitted, attested to, and acknowledged by reliable electronic means.

Date: **Jul 14, 2015**

*Judge's signature*

**Kathleen M. Tafoya**
**United States Magistrate Judge**
*Printed name and title*

City and state:   Denver, CO

## ATTACHMENT A

### DESCRIPTION OF LOCATION TO BE SEARCHED

A dark grey/black in color, 2011 Lexus IS250C, bearing New Mexico license plate 188RFK, Vehicle Identification Number (VIN) JTHFF2C2XB2517149, registered to Sally Abella, 109 Mesa Vista, Corrales, New Mexico 87048, and is currently located at Denver International Airport impound lot at 6975 N. Valley Head Street, Denver, Colorado 80249 (hereinafter referred to as "Subject Vehicle").

(The vehicle will be transported for the purposes of processing to FBI Denver Division, ERT Bay, 8000 E. 36th Avenue, Denver, Colorado, upon execution of the search warrant).

## ATTACHMENT B

### DESCRIPTION OF ITEMS TO BE SEIZED AND SEARCHED

The following items, located within and on the exterior of the Subject Vehicle, as described in Attachment A, that constitute evidence of the commission of, contraband, the fruits of crime, or instrumentalities of violations of Title 18, United States Code, Sections 1201(a)(1):

1. Any and all photographs.

2. Weapons, to include but not limited to, handguns, revolver or semi-automatic.

3. Any and all biological evidence, and items which may contain biological evidence to include, but not limited to DNA, hair, blood, semen and fibers, and fingerprints.

4. Any and all female clothing and personal items associated with Doe and male clothing and personal items associated with Medina.

5. Any birth control/contraceptive products.

6. Any and all stuffed animals.

7. Any and all new clothing, as well as receipts, records, documentation, bags and tags pertaining to the purchase of clothing.

8. Any and all information, records, documents, invoices and materials, in any format or medium, documenting travel, the making of travel plans, to include planning of routes and scheduling of stops along the route (to include the purchase of food).

9. Any and all information, notes, documents, records, photographs or correspondence, in any format or medium, concerning communications about child abduction.

10. Any and all information, records, documents, invoices and materials, in any format or medium, that concern e-mail accounts, online storage, or other remote computer storage pertaining to violations of 18 U.S.C. § 1201(a)(1).

11. Any and all information, documents, records, or correspondence, in any format or medium, pertaining to occupancy or ownership of the Subject Vehicle and use or ownership of items found inside and on the exterior of the Subject Vehicle.

12. Credit cards, credit card information, checking account documents, bills and payment records pertaining to, or used to facilitate violations of 18 U.S.C. §§ 1201(a)(1).

13. Computer(s), including smart cell phones, computer hardware, computer software, computer related documentation, computer passwords and data security devices, digital storage media, any physical object upon which computer data can be recorded, Go-Pro device, gaming devices, digital communications devices, cellular telephones, cameras, videotapes, video recording devices, video recording players, and video display monitors, digital input and output devices such as keyboards, mouse(s), scanners, printers, monitors, electronic media and network equipment, modems, routers, connection and power cords, and external or connected devices used for accessing computer storage media that was used to plan or facilitate the commission of 18 U.S.C. § 1201(a)(1).

DEFINITIONS:

14. As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing, drawing, painting); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

## AFFIDAVIT

I, **JENNIFER A. JOSTES**, being duly sworn, hereby depose and state that the following is true to the best of my information, knowledge, and belief:

## INTRODUCTION AND AGENT BACKROUND

1.     Your affiant serves as a Special Agent of the Federal Bureau of Investigation, and has been since March 16, 2008.  Your affiant currently serves in a specialized unit, Rocky Mountain Safe Streets Task Force Innocence Lost Task Force (RMILTF), assigned to investigate violent crimes to include kidnapping, human sex trafficking and child prostitution and exploitation.  During the course of you affiant's career, your affiant has been involved in numerous violent crime arrests, kidnapping investigations, prostitution-related arrests, and numerous organized prostitution investigations.  Your affiant has received specialized training and instruction from the FBI and several other agencies pertaining to kidnappings, the commercial sexual exploitation of children, prostitution, prostitution-related offenses, crimes against children, human sex trafficking and child forensic interviewing.  Prior to being assigned to RMILTF, your affiant was assigned to investigate crimes of public corruption and civil rights.  And prior to employment with the FBI, your affiant served as a Cook County (Illinois) State's Attorney for 3 years.  As part of my duties as a Special Agent, I investigate criminal violations relating to child exploitation, to include kidnapping crimes, in violation of Title 18, United States Code, Sections 1201(a)(1).

2.     This affidavit is submitted in support of an application for a search warrant for the place described in Attachment A (hereinafter "Subject Vehicle"), there being probable cause to believe that located in and on the place described in Attachment A are items described in Attachment B, being evidence, fruits, and instrumentalities of violations of Title 18, United States Code, Section 1201(a)(1).

3.     Because this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation.  I have set forth facts that I believe are necessary to establish probable cause to believe that evidence, fruits, and instrumentalities of violations of Title 18, United States Code, Section 1201(a)(1) are presently located in and on the Subject Vehicle.

3

4.     The information contained within the affidavit is based on my training and experience, as well as information imparted to me by other law enforcement officers involved in this investigation.

## RELEVANT STATUTE AND FACTUAL SUMMARY

5.     This investigation concerns alleged violations of 18 U.S.C. Section 1201(a)(1), relating to kidnapping. 18 U.S.C. Section 1201(a)(1) prohibits a person from unlawfully seizing, confining, inveigling, decoying, kidnapping, abducting, or carrying away and holding for ransom or reward or otherwise any person, except in the case of a minor by the parent thereof, when the person is willfully transported in interstate or foreign commerce, regardless of whether the person was alive when transported across a State boundary, or the offender travels in interstate or foreign commerce, or uses the mail or any means, facility, or instrumentality of interstate or foreign commerce, in committing or in furtherance of the commission of the offense.

6.     On July 12, 2015, JOSE MEDINA, aka Jose Delacruz Medina, DOB 02/14/1978 ("Medina"), age 37 was arrested and charged with the kidnapping of a missing child, Jane Doe, year of birth 1998, 16 years old. Medina transported Doe from New Mexico to Indiana, stopping in Colorado.

7.     On July 9, 2015, the Rio Rancho Police Department (RRPD) was notified regarding a missing child, Doe.  RRPD received information from Doe's mother, R.V., that Doe was taken from their home at 329 Geraldine Road SE, Rio Rancho, New Mexico 87124.  After taking a shower in the afternoon, R.V. could not locate Doe in the home and found her cell phone abandoned in the front yard near the driveway.  RRPD recovered the cell phone from R.V. – Samsung model SGH-T399, serial number RV8DC052VYM.

8.     Prior to Doe going missing, R.V. and Doe reported to RRPD that Medina had been harassing Doe.  Doe and Medina had been engaged in a relationship, unbeknownst to R.V.  When R.V. found out about the relationship, she forced Doe to terminate the relationship.  R.V. reported to RRPD on July 7, 2015, that Medina had made numerous telephone calls to Doe's telephone.  During one of those telephone calls on July 7, 2015, the phone was placed on speaker and Medina said that he was going to kidnap Doe and kill R.V. if the relationship between him and Doe ended.

9.     On July 10, 2015, RRPD units went to the residence of Medina's mother, 109 Mesa Vista Way, Corrales, New Mexico, to attempt to locate Doe.  RRPD officers observed a black Lexus convertible in the

4

garage at the residence, a vehicle that Medina is known to drive. The black Lexus convertible bore New Mexico license plate 188RFK. New Mexico license plate 188RFK is registered to Medina's mother, Sally Agella, 109 Mesa Vista, Corrales, New Mexico 87048. RRPD officers knocked on doors at the residence and received no response at the location.

10.     RRPD developed information that Medina and Doe traveled to Denver. RRPD obtained video surveillance footage of Medina and Doe shopping for clothing at a Target store in Denver. RRPD also developed information that Medina and Doe left Denver on a bus. On July 12, 2015, a bus was stopped in Indianapolis, IN, on which Medina and Doe were discovered. Medina was arrested based on a RRPD state warrant for kidnapping and Doe was placed into custody with Department of Child Services. During the recovery, Doe told Indiana State Police that she had been taken by Medina against her will.

11.     On July 13, 2015, Doe underwent a child forensic interview during which she reiterated that she had been taken by Medina against her will. Medina and Doe first met in May, 2015, at which time Doe told Medina her true age was 16 years of age. Nonetheless, she and Medina engaged in numerous instances of sexual intercourse over the course of a couple of months. Medina frequently took photographs and video of them having sex, using his mobile telephone, a Go-Pro device, and a large lens camera. Doe also disclosed that Medina sent her several photos to her cell phone that he'd taken while they were having sex. In May, 2015, when Medina learned that Doe had a Facebook account that he hadn't know about, he held a pistol to her neck and threatened to kill her. Doe believes that the large lens camera and the Go-Pro device are still in Medina's apartment.

12.     According to Doe, on July 9, 2015, Doe went out to the front of her home and found Medina in the black Lexus convertible. Doe was visibly intoxicated. He told her that if she didn't go with him he would kill R.V., so Doe acquiesced out of fear. Medina took her mobile telephone from her and threw it into the front yard of the residence. Medina took Doe to his mother's home in Corrales, New Mexico, where he had sex with her in his mother's bed. Medina also put Doe into a shower/bathtub, fully clothed, and urinated on her. On July 9, 2015 and July 10, 2015, people came to the house and knocked on the door, calling out Doe's name. Medina held a stuffed animal over Doe's face to keep her from calling out to the people outside. On July 10, 2015,

Medina and Doe left Albuquerque, New Mexico, in the black Lexus convertible. Before they left, Medina threw his cell phone and computer into the Rio Grande. After a stop in Santa Fe, New Mexico, Medina learned that Doe's disappearance had been reported and was in the media. Medina drove to Denver, CO, and abandoned the black Lexus convertible at the Denver airport. Medina then took Doe shopping for clothing at a store, and they eventually departed Denver, CO, on a series of Greyhound buses until they were stopped in Indianapolis, IN.

13.     On July 13, 2015, Officer Doug Gillaspe of Denver Police Department (DPD) recovered the Subject Vehicle, what Officer Gillaspe described as a "Grey Lexus" convertible bearing New Mexico license plate 188RFK, in the West Economy Parking Lot of Denver International Airport. DPD taped the doors and trunk with evidence tape. The Subject Vehicle was towed and impounded at the Denver International Airport impound lot located at 6975 N. Valley Head Street, Denver, Colorado 80249.

14.     On July 13, 2015, FBI Special Agent Martin Daniell, of the Denver Division, observed the Subject Vehicle at the Denver International Airport impound lot located at 6975 N. Valley Head Street, Denver, Colorado 80249. SA Daniell verified the VIN number on the vehicle as JTHFF2C2XB2517149, the license plate as a New Mexico license plate 188RFK, the vehicle as a Lexus IS250C, and described the color of the vehicle as dark grey/black in color.

## CONCLUSION

15.     Based on the investigation described above, probable cause exists to believe that in and on the Subject Vehicle described in Attachment A, will be found evidence, fruits, and instrumentalities of a violation of Title 18, United States Code, Section 1201(a)(1) (described on Attachment B).

16.     I, therefore, respectfully request the attached warrant be issued authorizing the search and seizure of the items listed in Attachment B.

I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge, and belief.

s/Jennifer A. Jostes  
**Jennifer A. Jostes,** Special Agent  
Federal Bureau of Investigation

SUBSCRIBED and SWORN before me this _____ *Jul 14, 2015* day of _____ 2015

_____  
UNITED STATES MAGISTRATE JUDGE  
**Kathleen M. Tafoya**  
**United States Magistrate Judge**

Application for search and seizure warrant was reviewed and is submitted by Martha Paluch, Assistant United States Attorney.

7